# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MICHAEL ANTHONY LORUSSO,**

    **Plaintiff,**

**v.**                                             **CASE NO.: 4:22-CV-421-MW-MAF**

**BOB GUALTIENI,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Michael Anthony LoRusso, a prisoner proceeding *pro se*, is no stranger to the federal courts. Plaintiff filed a document entitled "Amended Complaint," which the Court liberally construes as an attempt to file civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. The complaint is not on the proper form. Id. Plaintiff did not file a motion to proceed *in forma pauperis* (IFP) and did not pay the requisite filing fee.

The Court may review a plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A. As a result, this case is presently before the Court for screening. ECF No. 1. See 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A. Plaintiff is a "three-striker" under the Prison Litigation Reform Act (PLRA) and did not pay the $402 filing fee

at the time he initiated this case. Accordingly, the case should be dismissed under the PLRA.

## I.  Plaintiff's Filing, ECF No. 1.

Plaintiff accuses defendant of being involved with a conspiracy to kidnap the governor of Michigan and that others allegedly supplied weapons to others, which resulted in the deaths of four Capitol police officers during "the attack of the Capitol." ECF No. 1.

The Court takes judicial notice of certain federal cases initiated by Plaintiff and dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. Several cases were initiated in the Middle District of Florida: LoRusso v. Dean, 5:03-cv-460-WTH (M.D. Fla., Jan. 13, 2004) (barred by Younger v. Harris, 401 U.S. 37, 43-44 (1971)); LoRusso v. McCabe, 8:20-cv-01916-TPB-AEP (M.D. Fla., Dec. 15, 2020) (failure to state a claim); and LoRusso v. Dillinger, 8:20-cv-02748-WFJ-AAS (M.D. Fla., Nov. 23, 2020) (failure to state a claim). Plaintiff also received a strike in a Georgia federal court, LoRusso v. Upton, 1:3-cv-132-3-WLS-RLH (M.D. Ga., Sept. 15, 2003) (dismissed as frivolous). Some of Plaintiff's cases were dismissed pursuant to § 1915(g), specifically, LoRusso v. Weatherford, 8:21-cv-309-CEH-JSS (M.D. Fla., Apr. 22, 2021); LoRusso v DeSantis, 8:21-cv-02198-MSS-CPT (M.D. Fla. Oct. 15, 2021); and LoRusso v Brooks, 2:22-cv-

00260-AMM-NAD (N.D. Ala. May 17, 2022). Dismissal is, therefore, appropriate here.

## II. Failure to Pay the Filing Fee

As a "three-striker," Plaintiff is aware that he is obligated to pay the fee at the time of filing unless he can demonstrate he is in imminent danger of serious medical harm. None of the claims involve Plaintiff at all. Still, Plaintiff initiated this action without paying the fee. A prisoner who is barred from proceeding IFP must pay the filing fee at the time he initiates his lawsuit; and his failure to do so warrants dismissal of his case without prejudice. Dupree, 284 F.3d at 1236 ("the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001) (after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). There is no reason to diverge from that procedure here.

## III. Plaintiff's Claims Do Not Satisfy the Imminent Danger Exception

Plaintiff fails to demonstrate he is in imminent danger of serious physical injury at the time of his initial filing. The PLRA prohibits a prisoner from bringing forward a civil action "if the prisoner has, on 3 or more prior

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). As narrated above, Plaintiff had at least three actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

Normally, the Court would permit a *pro se* plaintiff the opportunity to amend a complaint before recommending dismissal. However, this Court will not follow that trend because Plaintiff is a three-striker, the filing is clearly frivolous; he did not pay the filing fee when he initiated the case, and has not demonstrated that he is in imminent danger of serious physical injury, and otherwise fails to state a claim.

## IV. Plaintiff Lacks Standing in this Action

To the extent Plaintiff is seeking to pursue this case under federal criminal law rather than as a civil rights action under Section 1983, Plaintiff has no standing to do so. Federal criminal law, which is designed for the protection of the public, but no language in it indicates that it creates a private right of action. Plaintiff's reliance on the criminal statutes to create a private right of action is misplaced. See Linda R.S. v. Richard C., 410 U.S. 614, 619

(1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); see also Love v. Delta Air Lines, 310 F.3d 1347, 1352-53 (11th Cir. 2002) (stating "[c]riminal statutes generally do not provide a private cause of action"). The decision to prosecute generally rests entirely in a prosecutor's discretion. Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). Because Plaintiff's criminal allegations should be dismissed for lack of standing, it is appropriate to dismiss the case with prejudice.

**V.     Conclusion and Recommendation**

It is respectfully **RECOMMENDED** that the case be **DISMISSED** under the three-strikes provision of 28 U.S.C. § 1915(g) because Plaintiff did not pay the filing fee at the time he initiated this case and fails to meet the imminent danger exception. Dismissal with prejudice for lack of standing is also appropriate. It is further **RECOMMENDED** that the case be **CLOSED**.

IN CHAMBERS at Tallahassee, Florida on December 2, 2022.

                                                 s/ Martin A. Fitzpatrick
                                                 **MARTIN A. FITZPATRICK**
                                                 **UNITED STATES MAGISTRATE JUDGE**